Prob12D
D/NV Form
Rev. June 2014

**United States District Court**
**for**
**the District of Nevada**

# REQUEST FOR HEARING
# TO MODIFY CONDITIONS OR TERMS OF SUPERVISION

Name of Offender: **James Gerard Boyle**

Case Number: **2:11CR00454**

Name of Sentencing Judicial Officer: **Honorable Robert C. Jones**

Date of Original Sentence: **February 7, 2013**

Original Offense: **Receipt of Child Pornography**

Original Sentence: **97 Months prison, followed by Lifetime TSR**

Date Supervision Commenced: **December 13, 2017**

Name of Assigned Judicial Officer: **Honorable Gloria M. Navarro**

## PETITIONING THE COURT

The offender not having waived a hearing, the probation officer requests that a summons be issued and a hearing held to modify the conditions of supervision as follows:

12. **Polygraph Testing** – You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

## CAUSE

On February 7, 2013, James Boyle was sentenced by the Honorable Robert C. Jones to 97 months imprisonment followed by a Lifetime term of supervised release for committing the offense of Receipt of Child Pornography. On December 13, 2017, Mr. Boyle commenced supervised release in the District of Nevada. In 2017, Mr. Boyle relocated, and his supervision was transferred to the Central District of California. On January 22, 2019, Mr. Boyle's supervised release was transferred back to the District of Nevada. On October 22, 2024, Mr. Boyle's case was reassigned to Your Honor. On December 4, 2025, Your Honor denied Mr. Boyle's second Motion for Early Termination of Supervised Release; however, his lifetime term of supervised release was reduced to 35 years.

**RE: James Gerard Boyle**

Prob12D
D/NV Form
Rev. June 2014

At sentencing, the Court ordered Sex Offender Treatment as a special condition of supervision. In 2013, at the time of Mr. Boyle's conviction, the special condition for sex offender treatment included polygraph testing. In 2017, the special conditions were modified, and the polygraph condition was separated from the sex offender treatment condition. On April 1, 2025, Mr. Boyle completed his sex offender treatment, and because he is not actively in treatment the probation office no longer has the authority to continue polygraph testing Mr. Boyle.

Given the information outlined above, the polygraph condition serves the statutory sentencing purposes of public protection, deterrence, and rehabilitation. A polygraph condition enables the probation officer to satisfy the statutory requirements to keep informed as to the conduct and condition of the person under supervision, report their conduct and condition to the sentencing court, and aid the person under supervision and bring about improvements in his conduct and condition. A standalone polygraph condition would allow the probation office to more effectively monitor Mr. Boyle's compliance, protect the community, and serve as a deterrence for sexual reoffending.

For information, polygraph examinations consist of interviews before, during, and after the polygraph test itself, may detect deception from the person's demeanor during the interviews, deter unwanted activities by persons who know they will be asked about such activities, and elicit admissions or confessions of undesired activity. Additionally, the Probation Office regularly utilizes polygraphs to verify compliance with supervision conditions and to reduce the risk of sexual reoffending.

The Probation Office requests modification of Mr. Boyle's conditions to include a standalone polygraph condition to comport with the current wording of the special conditions. Polygraph testing will allow the probation office to continue to monitor Mr. Boyle's compliance with his conditions of supervision. The modification was discussed with Mr. Boyle, and he was in opposition to the proposed condition or continued polygraph testing.

As such, the Probation Office requests a Summons be issued so that the matter of modifying Mr. Boyle's conditions may be addressed before the Court.

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **August 5, 2026**

Annis C. Seopaul Sones
Digitally signed by Annis C. Seopaul Sones
Date: 2026.08.05 15:05:33 -07'00'

Annis C. Seopaul Sones
Senior United States Probation Officer

**RE: James Gerard Boyle**

Prob12D
D/NV Form
Rev. June 2014

Approved:

Digitally signed by Joy Gabonia
Date: 2026.08.05 14:44:07 -07'00'

Joy Gabonia
Supervisory United States Probation Officer

***THE COURT ORDERS***

☐ No Action.

☒ The issuance of a summons.

☐ Other

Signature of Judicial Officer

August 6, 2026
Date